O’SCANNLAIN, Circuit Judge, specially concurring. Although the result in this case is dictated by the case law of the Supreme Court and our Circuit, I write separately to highlight how it illustrates the bizarre and arbitrary effects of the ever-spreading categorical approach for comparing state law offenses to federal criminal definitions. I am hardly the first federal circuit judge, to express puzzlement at how the categorical approach has come to be applied. See, e.g., United States v. Doctor, 842 F.3d 306, 312 (4th Cir. 2016) (Wilkinson, J., concurring); United States v. Faust, 853 F.3d 39, 60 (1st Cir. 2017) (Lynch, J., concurring); United States v. Chapman, 866 F.3d 129, 136 (3d Cir. 2017) (Jordan, J., concurring). That criticism arises largely in relation to the Armed Career Criminal Act (“ACCA”), 18 U,S.C. § 924(e)—in- which context the categorical approach was created to apply sentencing enhancements based on prior state convictions—but the case before us illustrates the much broader reach of its peculiar consequences. Almost three decades ago, in Taylor v. United States, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), the Supreme Court developed the categorical approach in the context of ACCA, which imposes heightened mandatory mínimums for serious repeat offenders. See 18 U.S.C. § 924(e). Two decades later, 'it had become clear that the same approach applied to determine what state crimes fell within certain categories enumerated in the Immigration and Nationality Act, 8 U.S.C. § 1101 et seq. See Gonzales v. Duenas-Alvarez, 549 U.S. 183, 187, 127 S.Ct. 815, 166 L.Ed.2d 683 (2007). Several justices of the Supreme Court have expressed concern about the “arbitrary and inequitable results produced by applying” the categorical' approach to the ACCA sentencing scheme. Mathis v. United States, — U.S. -, 136 S.Ct. 2243, 2258, 195 L.Ed.2d 604 (2016) (Kennedy, J., concurring) (noting similar criticisms raised in dissent by Justices Ginsburg, Breyer, and Alito). The results can be even more arbitrary in other contexts, including the case before us involving a collateral attack on a removal order. - As Judge Wilkinson observed in his criticism of the present state of the categorical approach, when it comes to ACCA and sentencing, a district court “has various tools to impose a stricter sentence if it believes that the categorical approach is ignoring a violent criminal history or dis-serving the general aims of sentencing.” Doctor, 842 F.3d at 317 (Wilkinson, J., concurring). Under the advisory sentencing guidelines, a district court can depart outside the guidelines to correct for a particularly unjust or absurd application of the categorical approach. In the context of the case before us, however, there is no way to remedy an especially absurd result of applying the categorical approach. When a removal premised on a prior state conviction for an aggravated felony is collaterally attacked years later, a court’s only role once reaching the merits is to apply the categorical approach and to determine if. the state statute of conviction was a categorical match with its federal analogue. As today’s decision makes clear, if the challenger is clever enough to find some space in the state statutory scheme that lies outside the federal analogue, he can effectively void that prior removal for purposes of his present illegal reentry prosecution-even though the challenger admits that the actual conduct underlying his state conviction falls at the heart of the federal analogue. There is no discretion to be exercised. Congress made clear its desire to remove aliens who have committed “aggravated felonies,” which it expressly defined to include any “drug trafficking crime,” 8 U.S.C. § 1101(a)(43)(B), meaning “any felony punishable under the Controlled Substances Act,” 18, U.S.C. § 924. Nobody contests .that ,Valdivia-Flores possessed heroin with intent to deliver it, nor that such conduct is indeed a felony punishable under the Controlled Substances Act. There is no reason to doubt, then, that Valdivia-Flores actually did commit an aggravated felony. Because of the judicially-created categorical approach and a quirk in the drafting of Washington’s statutory scheme, however, he escapes the consequences that Congress intended for such conduct. Whatever the merits of' the Supreme Court’s rationale for imposing the categorical approach on sentencing under ACCA, where judges have discretion to correct for particularly arbitrary and unjust results, the effect is far more pernicious in cases such as this one where there is no chance for correction. Shouldn’t it be possible to have a more “practical reading” of the Immigration and Nationality Act so that, “[w]hen it is clear that a. defendant necessarily admitted or the jury necessarily found that the .defendant committed the elements of [the generic federal crime], the conviction should qualify” for purposes of classifying it as an aggravated felony? Descamps v. United States, 570 U.S. 254, 133 S.Ct. 2276, 2295, 186 L.Ed.2d 438 (2013) (Alito, J., dissenting). If the Supreme Court is unwilling to revisit the categorical approach for cases such as this one, Congress should consider clarifying whether it truly intended radically different treatment for aliens “convicted of identical criminal conduct in different jurisdictions.” Mathis, 136 S.Ct. at 2258 (Kennedy, J., concurring).